## Western *vs.* Sharp.

### APPEAL FROM CHRISTIAN CIRCUIT.

ORD. PET.

Case 38.

1. Where there is a special contract to perform work and labor in building by the undertaker, the recovery must be limited to the contract price so far as the work has been performed. If the undertaker has been prevented by the employer from completing the work, he may recover such damages as he may have sustained by being prevented from fulfilling the contract.

2. The general rule is, that where there is a special contract to do work the suit for compensation must be upon the contract; and there can be no recovery upon a *quantam meruit*, unless by some default of the plaintiff, there can be no recovery upon the contract, when if he could not recover upon the *quantam meruit* he would be without remedy; even in such case the work done must be estimated at the contract price.

3. Where the action can be brought upon the special contract, it must be so brought; and the rule is more imperative where the contract is in writing, having the dignity of a sealed instrument, merging all verbal agreements and admitting no implied contract upon the same subject.

Judge MARSHALL delivered the opinion of the court.

October 4.

Sharp filed his petition in ordinary against Western, charging first, that the defendant was indebted to him in a specified sum for work and labor as a carpenter, in building a house or houses for defendant at his request; and secondly, stating a special agreement for the same work, in which the periods at which different portions of it were to be finished, and the entire price and modes and times of payment were specified;

Case stated.

WESTERN
*vs.*
SHARP.

and the defendant stipulated that he would furnish the requisite lumber for the buildings. The plaintiff avers, in substance, that he entered upon the work and did a considerable portion of it according to contract, but that the defendant failed to furnish the necessary lumber in convenient season for progressing with the work, in consequence of which he abandoned it, and he claims the value of what he had done. The defendant, in answer, controverts material allegations of the petition, and sets up a counter-claim, which is in part admitted by the plaintiff in reply, and no question arises upon it.

The evidence conduced to prove and authorized the jury to find the facts stated in the petition with reference to the special agreement, and the only question which we deem it necessary to notice, relates to the principle assumed in the instructions given to the jury, that if the plaintiff was prevented from proceeding with the work according to contract, by the failure of the defendant to furnish the lumber, he might recover for work actually done, as much as it was reasonably worth, without being limited by the contract price, and without reference to it.

1. Where there is a special contract to perform work and labor in building by the undertaker, the recovery must be limited to the contract price so far as the work has been performed. If the undertaker has been prevented by the employer from completing the work, he may recover such damages as he may have sustained by being prevented from fulfilling the contract.

If the suit is brought upon the special agreement, the recovery must of course be limited by its terms; and as the party who has been prevented from performing fully by the default of the other, may sue upon the special agreement, in which case he will be limited by the contract price for the work already done, and can recover in addition only such damages as he may have sustained by not being allowed to finish the job, it would seem that he could not have the option, by a mere variation in the form of his action, or in the statement of his claim, to determine whether he shall be entitled to recover more for the same work done under the same contract, and established by the same evidence.

The general rule has been, that where there is a special agreement, the action must be founded upon it, and that there can be no recovery upon a *quantum*

*meruit,* or implied agreement, unless, by some default on the part of the plaintiff, he is precluded from recovering on the special agreement, when, if he could not recover upon a *quantam meruit,* he would be without remedy, whatever might be the extent of the labor done by him for the other party, or of the benefit derived from it. In such case, however, the recovery for work done under the contract would be limited to the contract price.

The rule, as above stated, requires that when the action can be maintained on the special agreement it should be founded upon it; and this rule is still more imperative and more important where, as in the present case, the special agreement is in writing, signed by the parties, and having the character and dignity of a sealed instrument. Such an agreement merges the verbal contract of which it takes the place, and it admits of no implied contract covering the same subject, unless when, according to the rules of law, there is no remedy upon the written agreement, when in order that there may be a remedy such contract is implied as justice and reason dictates.

The result of these views in the present case is, that for work done under and according to the contract, the plaintiff can only recover according to the prices fixed by the contract; and in this there seems to be no injustice, for in the first place the presumption is that the contract price is a fair equivalent for the work; and in the second place, if the contract price be high, the plaintiff gets the benefit of it in the price of work already done, and in damages for not being allowed to earn the whole; or if the contract price be low, there is presumably not much injury to the plaintiff in giving him an opportunity to relinquish it; and if there be he can recover damages for the loss of the job, &c. In such a case the employer will generally have a strong motive to hold the undertaker to a full performance, by which a low price will be earned. And considering the uncertainty of the questions which may often arise with respect to performance by one

---

WESTERN
*vs.*
SHARP.

2. The general rule is, that where there is a special contract to do work, the suit for compensation must be upon the contract; and there can be no recovery upon a *quantum meruit,* unless by some default of the plaintiff, there can be no recovery upon the contract when if he could not recover upon the *quantum meruit* he would be without remedy; even in such case the work done must be estimated at the contract price.

3. Where the action can be brought upon the special contract, it must be so brought; and the rule is more imperative where the contract is in writing, having the dignity of a sealed instrument, merging all verbal agreements and admitting no implied contract upon the same subject.

BEN. MONROE'S REPORTS.

or the other, it might be unjust as well as impolitic to increase the motives which the undertaker might have for abandoning a job for which he was to receive a compensation below the ordinary rate.

In the absence, therefore, of any direct authority establishing the criterion assumed in the instructions, we think the safe and sound rule is, that in the case assumed, the plaintiff is entitled only to the contract price for the work done under and according to the contract. He may of course recover damages for being prevented from completing the work, and earning the full compensation agreed on, or for any other loss occasioned by the failure of the defendant to perform his contract, provided it be sufficiently claimed. We only add, that it was not necessary for the plaintiff to have demanded the property in which, by the contract, payment might have been made, and no error was committed by the court in reference to that subject. But for the error before noticed, there being no other in the instructions, the judgment is reversed, and the cause remanded for a new trial in conformity with this opinion.

B. & J. MONROE for appellant; McKEE for appellee.